UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANAHATA GRACELAND,

      Plaintiff,

v.                     Case No. 8:21-cv-2356-VMC-CPT

PLUTUS ENTERPRISES LLC,
ET AL.,

      Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of
Defendant 7th Level Communications, LLC's Motion to Dismiss
the Second Amended Complaint for Lack of Personal
Jurisdiction, Improper Venue, and Failure to State a Claim
(Doc. # 48), filed on March 4, 2022, and Defendant Justin
Verrengia's Motion to Dismiss for Lack of Personal
Jurisdiction, Improper Venue, and Failure to State a Claim
(Doc. # 50), filed on March 10, 2022. Plaintiff Anahata
Graceland responded to the Motions on March 25 and 31, 2022.
(Doc. ## 54, 55). At the Court's request, the parties have
filed supplemental briefs on venue. (Doc. ## 57, 59).

For the reasons that follow, the Motions are granted,
and the case is dismissed without prejudice for improper
venue.

I.  **Background**

This case involves an alleged pyramid scheme that began in July 2019. Defendant Plutus Enterprises LLC, along with the other Defendants, allegedly "preyed on individuals seeking to gain financial independence by making false, fraudulent, and deceptive promises of exponential income generation to unsuspecting victims, particularly those interested in learning about the new and exciting world of cryptocurrency." (Doc. # 43 at 2). Graceland, a 67-year-old woman and "a citizen of Thurston County, Washington," is one such victim. (Id. at 4).

Graceland initiated this action in this Court on October 6, 2021 (Doc. # 1), and filed an amended complaint on October 12, 2021. (Doc. # 5). After 7th Level moved to dismiss the amended complaint (Doc. # 27), Graceland filed the operative second amended complaint on February 18, 2022. (Doc. # 43).

Therein, she alleges that 7th Level "knowingly joined the fraudulent scheme as the principal marketing and sales team to facilitate, orchestrate, contribute to, and reap the benefits of the ongoing fraud carried out by [Plutus Enterprises]." (Id. at 2). "Similarly, [] Verrengia knowingly joined the fraudulent scheme as a promoter of [Plutus Enterprises] and a recruiter of victims, including

[Graceland], to the ongoing fraud carried out by [Plutus Enterprises].” (Id.).

7th Level “is a Missouri limited liability company” and its only member, Jeremy Miner, “is an individual and citizen of Phoenix, Arizona.” (Id. at 5). Thus, 7th Level is an Arizona citizen. The second amended complaint alleges that Verrengia “is an individual and citizen of Pasco County, Florida,” and that he promoted and endorsed Plutus Enterprises “from his home in Pasco County, Florida.” (Id. at 6, 18). Plutus Enterprises is a citizen of Alabama and California. Defendant Floyd Scott Agee, Jr., who owned Plutus Enterprises, is an Alabama citizen and Defendant Stefan Dessalines, who was Plutus Enterprises’ CEO, is a California citizen. (Id. at 5).

According to Graceland,

This Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b) because (1) Defendants operated, were present, and/or did business within this jurisdiction, (2) Defendants’ illegal conduct occurred, among other places, within this jurisdiction, and (3) Defendant Verrengia is a resident of this jurisdiction and all relevant acts attributed to him throughout this [a]mended [c]omplaint were made from his home within this jurisdiction.

(Id. at 7). Regarding venue, the second amended complaint states: “Venue is proper in this judicial district pursuant

to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendant Verrengia is subject to personal jurisdiction in this judicial District and resides in this District. Venue is also proper with respect to Defendants [Plutus Enterprises], Dessalines, Agee, and 7th Level pursuant to 18 U.S.C. §§ 1965(b) and (c)." (Id. at 6-7).

The second amended complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Counts I and II), violation of Florida's RICO statute against all Defendants (Count III), violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Defendants (Count IV), fraudulent inducement against all Defendants (Count V), civil theft against Plutus Enterprises and Verrengia (Count VI), and violation of Florida's exploitation of an elderly person statute (Count VII). (Id. at 20-39).

Now, both 7th Level and Verrengia move to dismiss the second amended complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. (Doc. ## 48, 50). In support of his Motion, Verrengia has filed a declaration in which he avers, among other things, that he has "been a full-time resident of Puerto Rico continuously since 2018," is "not a 'citizen of Pasco County, Florida,'"

4

and has "not maintained any residence, office, or place of business in the State of Florida since [he] moved to Puerto Rico in 2018." (Doc. # 50-1).

Graceland has responded. (Doc. ## 54, 55). On April 6, 2022, the Court directed the parties to file supplemental briefs about venue, specifically "whether there is another judicial district in which this case could have been filed to satisfy RICO's personal jurisdiction provision and RICO or Section 1391(b)'s venue provisions" and "whether, if this Court determines that venue is improper in this district, the Court should dismiss the case without prejudice or 'transfer such case to any district or division in which it could have been brought.'" (Doc. # 56) (quoting 28 U.S.C. § 1406(a)).

7th Level filed a supplemental brief arguing that venue would be proper in the district in which the alleged representations were made — likely in Washington where Graceland resides. (Doc. # 57). Additionally, 7th Level argued that dismissal without prejudice rather than transfer to another district would be proper if the Court determines that venue is improper in this Court. (Id.). Graceland likewise filed a supplemental brief; however, she failed to clearly answer the questions posed by the Court. (Doc. # 59). Rather than naming a specific district in which venue would

5

be proper, Graceland reiterated her argument that personal jurisdiction exists in this Court and conclusorily asserts that venue is proper here. (Id.). At most, she asserts vaguely in a footnote that "there are other judicial district [sic] in which this case could have been filed including Washington, Alabama, California, or Missouri to satisfy RICO's provisions." (Id. at 2 n.2).

The Motions are ripe for review.

## II.   **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. See Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of personal jurisdiction are filed pursuant to Rule 12(b)(2). "When analyzing a dismissal for lack of personal jurisdiction, '[courts] first determine whether the applicable statute potentially confers jurisdiction over the defendant.'" Courboin v. Scott, 596 F. App'x 729, 732 (11th Cir. 2014) (quoting Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997)). "Jurisdiction over a non-resident defendant may be based upon a federal statute or a state long-arm statute." Id. "If a basis exists for exercising jurisdiction, [courts] 'then determine whether the exercise of jurisdiction comports with due process.'" Id. (quoting Republic of Panama, 119 F.3d at 942). The Eleventh Circuit has "held that there is a potential statutory basis for personal jurisdiction under RICO because the statute

provides for nationwide service of process." Id. (citing Republic of Panama, 119 F.3d at 942; 18 U.S.C. § 1965(d)).

Motions for improper venue are filed under Rule 12(b)(3). "Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 50 (2013). "On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper." Id.

## III. **Analysis**

First, 7th Level and Verrengia seek dismissal based on lack of personal jurisdiction and improper venue.

A.   <u>**Personal Jurisdiction**</u>

In the second amended complaint, Graceland asserts RICO claims against the Defendants and bases personal jurisdiction on 18 U.S.C. § 1965(d). (Doc. # 43 at 6-7).

Again, there is a statutory basis for personal jurisdiction under RICO because "the statute provides for nationwide service of process." <u>Courboin</u>, 596 F. App'x at 732 (citing <u>Republic of Panama</u>, 119 F.3d at 942; 18 U.S.C. § 1965(d)). Section 1965(d) provides that: "All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(d).

In analyzing personal jurisdiction, "Section 1965(d) requires that the Court examine the [defendants'] 'aggregate contacts with the nation as a whole,' as opposed to their 'contacts with the forum state.'" <u>In re Takata Airbag Prod. Liab. Litig.</u>, 396 F. Supp. 3d 1101, 1144 (S.D. Fla. 2019) (quoting <u>Republic of Panama</u>, 119 F.3d at 946-47). This is because the federal RICO statute was enacted to "bestow jurisdiction on federal courts over national conspiracies." <u>BankAtlantic v. Coast to Coast Contractors, Inc.</u>, No. 91-2940-CIV-MORENO, 1997 WL 33807846, at *3 (S.D.

9

Fla. Nov. 30, 1997). Thus, to "ensure that far-flung conspiracies [could] be tried together in one action," the statute created "special venue rules and [a] nationwide service of process provision." Id.

"Despite the fact that RICO contains a nationwide service-of-process provision, [a plaintiff] is entitled to take advantage of it only if [her] 'asserted federal claim is not wholly immaterial or insubstantial.'" Courboin, 596 F. App'x at 732 (quoting Republic of Panama, 119 F.3d at 941–42). "In other words, whether a basis exists for exercising personal jurisdiction under RICO depends on whether [a plaintiff] has stated a 'colorable' RICO claim." Id.

Graceland has stated colorable RICO claims against 7th Level and Verrengia, which is a different and less stringent inquiry than whether she has stated RICO claims under Rule 12(b)(6) and Rule 9(b). See In re Takata Airbag Prod. Liab. Litig., 396 F. Supp. 3d at 1144 ("[D]etermining whether the Direct-File RICO claims are 'colorable' — or 'not wholly immaterial or insubstantial' — is a separate and distinct question from whether the RICO claims are plausibly alleged."). The RICO claims here are not wholly immaterial or insubstantial — they allege a pyramid scheme in which all

Defendants participated and made misrepresentations to take advantage of victims like Graceland.

Additionally, 7th Level and Verrengia's connections to the United States have been sufficiently pled. All Defendants are alleged to be entities or individuals based in the United States who do business in the United States. (Doc. # 43 at 4-6). While Verrengia avers that he resides in Puerto Rico rather than the Middle District of Florida, Puerto Rico is a judicial district under Section 1965(d). See 18 U.S.C. § 1965(d) ("All other process in any action or proceeding under this chapter may be served on any person in **any judicial district** in which such person resides, is found, has an agent, or transacts his affairs." (emphasis added)). This is sufficient to establish the statutory basis for exercising personal jurisdiction. See Republic of Panama, 119 F.3d at 942 ("Because the First American defendants are domestic corporations doing business in this country, the statutory basis for personal jurisdiction over these defendants is satisfied.").

Regarding due process, 7th Level and Verrengia argue that the exercise of personal jurisdiction under RICO would be unreasonable because no Defendant resides in this district and no offending conduct is alleged to have occurred in

11

Florida. (Doc. # 48 at 8-9; Doc. # 50 at 6-7). Indeed, despite the allegations of the second amended complaint, Verrengia has averred that he is "not a 'citizen of Pasco County, Florida,'" and has "not maintained any residence, office, or place of business in the State of Florida since [he] moved to Puerto Rico in 2018." (Doc. # 50-1). Although the arguments about this district as a venue are well-taken, the Court disagrees that it lacks personal jurisdiction.

"It is well established that when, as here, a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment." Republic of Panama, 119 F.3d at 942. "In order to evaluate whether the Fifth Amendment requirements of fairness and reasonableness have been satisfied, courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation." Id. at 946.

But "courts must engage in this balancing only if a defendant has established that his liberty interests actually have been infringed. Only when a defendant challenging jurisdiction has 'present[ed] a compelling case that . . . would render jurisdiction unreasonable,' should courts weigh the federal interests favoring the exercise of jurisdiction."

Id. (citations omitted). Importantly, "determining whether litigation imposes an undue burden on a litigant cannot be determined by evaluating only a defendant's contacts with the forum state." Id. As mentioned before, "[a] court must therefore examine a defendant's aggregate contacts **with the nation as a whole** rather than his contacts with the forum state in conducting the Fifth Amendment analysis." Id. at 946–47 (emphasis added).

Here, 7th Level, a company based in Missouri that is a citizen of Arizona, has sufficient minimum contacts with the United States. 7th Level has not shown that this district is such a faraway and inconvenient forum that, despite its contacts with the United States as a whole, 7th Level will be unduly burdened by litigating in this Court. Verrengia likewise has ties to the United States in that he resides in the territory of Puerto Rico, from which he conducts business. Thus, this Court's exercise of personal jurisdiction over 7th Level and Verrengia comports with due process.

In short, dismissal of 7th Level and Verrengia for lack of personal jurisdiction under RICO is inappropriate. The Court may also exercise pendent personal jurisdiction over the non-RICO claims. See In re Takata Airbag Prod. Liab. Litig., 396 F. Supp. 3d at 1168 ("The doctrine of pendent

personal jurisdiction arises 'where a federal statute authorizes nationwide service of process and the federal and state claims "derive from a common nucleus of operative facts."' In such a case, 'the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available.'" (citations omitted)). The Motion is denied as to personal jurisdiction.

### B.   Venue

Although personal jurisdiction exists, venue may still be improper in this district. See Heft v. AAI Corp., 355 F. Supp. 2d 757, 770 (M.D. Pa. 2005) ("Of course, that the court may exercise [personal] jurisdiction over the parties does not necessarily render it the appropriate district for the claims. Venue is concerned not with the constitutional authority of the court to bind the parties to judgment, but with the statutory propriety of the location for adjudication of the claims." (citations omitted)); see also Obee v. Teleshare, Inc., 725 F. Supp. 913, 915–16 (E.D. Mich. 1989) (finding that personal jurisdiction under RICO existed but that "defendants do not satisfy any of the requirements of the RICO venue provision," although venue was ultimately proper under the traditional venue provision).

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Additionally, RICO has its own venue provisions. "Section 1965(a) of RICO is a basic venue provision, providing that an action may be instituted against a person in the United States district court 'for any district in which such person resides, is found, has an agent, or transacts his affairs.'" BankAtlantic v. Coast to Coast Contractors, Inc., 947 F. Supp. 480, 485 (S.D. Fla. 1996) (quoting 18 U.S.C. § 1965(a)).

"Section 1965(b) supplements the basic venue provision set forth in subsection (a), adding that venue is also proper, ' . . . in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court . . . .'" Id. (quoting 18 U.S.C. § 1965(b)). "Thus, [Section] 1965(b) includes a nationwide service of process provision to allow a court to bring in those defendants where venue is improper, if the 'ends of justice' so require." Id. "[W]here venue is proper [for] at least one defendant, the court can assert venue as to the remaining defendant(s) if justice so requires." Id. at 486.

Here, venue is not proper for any of the Defendants under Section 1965(a). True, the second amended complaint alleges Verrengia is a citizen of Pasco County, within the Middle District of Florida, and promoted the scheme "from his home in Pasco County, Florida." (Doc. # 43 at 6, 18). But Verrengia has filed a declaration in which he avers that he has lived full-time in Puerto Rico since 2018 (Doc. # 50-1) — before the alleged pyramid scheme began in 2019.

Notably, Graceland fails to address Verrengia's declaration beyond conclusorily stating that "Verrangia's assertion that it [sic] is a 'nonresident' of Florida is irrelevant to the Court's personal jurisdiction analysis." (Doc. # 55 at 5). Nor has she provided evidence to refute Verrengia's sworn declaration (and attached exhibits) regarding his residence in Puerto Rico and lack of current connection to Florida.

Therefore, Section 1965(a), which provides for venue in any district where a defendant resides or transacts business, does not apply to Verrengia. Likewise, Graceland does not allege that any other Defendant resides or transacts business in this district beyond conclusorily stating that "Defendants operated, were present, and/or did business within this jurisdiction" and "Defendants' illegal conduct occurred,

among other places, within this jurisdiction." (Doc. # 43 at 7). Given that Verrengia does not reside in Florida and did not endorse Plutus Enterprises from Florida, none of the alleged conduct underlying Graceland's claims occurred in this district. Section 1965(a) does not apply to any other Defendant, none of whom reside here or have been plausibly alleged to transact business here. Section 1391(b)(2) does not apply either because no "substantial part of the events" giving rise to the claims occurred in this district, given that Verrengia has disproven the allegations that he lived and did business in this district.

As a result, venue in this district would be based solely on Section 1965(b) for every Defendant. This is impermissible. As various courts have noted, if venue is not proper for at least one defendant under Section 1965(a) or Section 1391(b), then venue cannot be based on Section 1965(b) for the other defendants. See, e.g., Crenshaw v. Antokol, 287 F. Supp. 2d 37, 42 (D.D.C. 2003) ("18 U.S.C. § 1965 sets forth a special two-part venue provision for RICO claims. Under section 1965(a), a plaintiff may bring a civil RICO action in federal district court for any district in which the defendant 'resides, is found, has an agent, or transacts his affairs.' 18 U.S.C. § 1965(a). In addition, section

1965(b) provides that if the court finds that 'the ends of justice [so] require,' venue **also** is proper for **other parties** in the case notwithstanding their failure to meet the requirements of section 1965(a)." (emphasis added)); Southmark Prime Plus, L.P. v. Falzone, 768 F. Supp. 487, 490 (D. Del. 1991) ("If venue is proper in a district pursuant to 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391 as to one or more defendants, venue will also be proper with respect to defendants not covered by these venue provisions if, pursuant to 18 U.S.C. § 1965(b), the 'interests of justice' dictate that these other defendants be brought before the same court."); Abeloff v. Barth, 119 F.R.D. 315, 329 (D. Mass. 1988) ("This provision [Section 1965(b)] has been construed to be applicable only in a case in which there is venue for the RICO claim for at least one defendant in the forum but not as to others and there is no other district which would have venue of all defendants named in the RICO count."); Clement v. Pehar, 575 F. Supp. 436, 443 n.5 (N.D. Ga. 1983) ("Since, however, venue is in fact improper as to *all* defendants under section 1965(a), subsection (b) is simply not applicable here."). Thus, this district is an improper venue because no Defendant satisfies Section 1965(a) or Section 1391(b), rendering Section 1965(b) inapplicable.

Even if venue could be proper for all Defendants under Section 1965(b) in this district despite no Defendant satisfying Section 1965(a) or Section 1391(b), the ends of justice do not favor asserting venue in this district. In undertaking the "ends of justice" analysis, courts consider a variety of factors, including "the location of the parties, witnesses, records, and acts or omissions giving ris[e] to the claims," "whether judicial economy favors trying the action in one court," "whether section 1965(b) venue would promote the orderly and expeditious disposition of the case," and "whether there exists an alternative forum where venue is proper." Crenshaw, 287 F. Supp. 2d at 42.

Again, no Defendant resides or transacts business in this district. The actions underlying Graceland's claims did not occur in this district. See Id. at 44 ("[A]lthough defendants Ice Miller and Hoffman-LaRoche transact affairs in the District, the ends of justice do not favor extending venue to all defendants [under Section 1965(b)]. The vast majority of the defendants have no ties whatsoever to the District and none of the events in dispute took place here." (citations omitted)). Also, alternative forums where venue is likely proper exist — the Western District of Washington, in which Graceland lives and the misrepresentations were allegedly

made to her, and the Northern District of Alabama, where Plutus Enterprises and Agee are citizens and a substantial portion of the events underlying this action likely occurred.

In short, even under the relaxed venue provisions of RICO, venue is improper in the Middle District of Florida. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, the interests of justice do not favor transfer over dismissal without prejudice. Despite being given the opportunity to do so, Graceland has not argued in favor of transfer. (Doc. # 59). Nor has Graceland explained why she could not have filed this case in a proper venue in the first place. Thus, the Court dismisses the case without prejudice so that Graceland may refile in a proper venue if she chooses.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant 7th Level Communications, LLC's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (Doc. # 48) is **GRANTED.**

(2)   Defendant Justin Verrengia's Motion to Dismiss for Lack

of Personal Jurisdiction, Improper Venue, and Failure to

State a Claim (Doc. # 50) is **GRANTED**.

(3)   Because the Middle District of Florida is an improper

venue, the Court **DISMISSES** this case without prejudice.

(4)   The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

<u>22nd</u> day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE